NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN J. CAFARO et al., | Civil Action No.: 07-2793 (JLL) |
| Plaintiffs, | **OPINION** |
| v. | |
| HMC INTERNATIONAL, LLC, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion to amend the complaint filed by Plaintiffs. Schonfeld Securities LLC ("Schonfeld") was previously voluntarily dismissed without prejudice from this action by Plaintiffs. Plaintiffs in the present motion seek to reinstate the Complaint against Schonfeld and assert additional causes of actions against it. This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiffs' motion to amend the Complaint is denied.

**I.  BACKGROUND**

The HMC International Hedge Fund ("the Fund") was created in 2002 by Robert Massimi ("Massimi") and Bret Grebow ("Grebow") and was operated and controlled by them during its existence. (Compl. at ¶¶ 15, 24.) The Fund collapsed in 2005 when it "could no longer meet demands for redemptions." (Id. at ¶ 31.) Plaintiffs were investors in the Fund and assert that the

Fund was a Ponzi scheme whereby "defendants Massimi and Grebow enticed new investors to place funds with them . . . [so those funds could be] used . . . to pay themselves and to pay some redemptions and so-called 'profits' to investors lulling them into a false belief that the Fund was genuine."  (Id.; see also id. at ¶¶ 30-31.)

The Complaint in this matter was filed on June 15, 2007.  On October 2, 2007 Schonfeld filed a motion to dismiss the Complaint as against it.  In response Plaintiffs voluntarily dismissed Schonfeld as a defendant without prejudice.  On December 4, 2007 this matter was consolidated with Berk v. HMC, et al., Civil Action No. 07-181, for purposes of discovery.  In a discovery order issued on January 30, 2008 Magistrate Judge Cecchi ordered that "[f]act discovery is to remain open through November 30, 2008."  She also ordered that "[a]ny motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than March 31, 2008."  The consolidated discovery period has been extended numerous times, most recently on May 7, 2009; fact discovery is now to be concluded by June 26, 2009.

A case management conference, attended by counsel in both cases, was held on August 19, 2008.  Based on documents produced in discovery, counsel for the Berk plaintiffs requested an opportunity to file an amended complaint to assert additional claims against Schonfeld.  Schonfeld had not been dismissed from the Berk matter, although the initial allegations against it were identical in both cases.  On August 25, 2008 Magistrate Judge Cecchi issued an Order stemming from the August 19 conference.  The Order provided that "[i]f the Berk Plaintiffs determine that they would like to amend the Complaint to add claims against Schonfeld Securities, then they must file a motion for leave to amend on or before September 12, 2008."  The Berk plaintiffs failed to file the permitted motion, and Schonfeld was subsequently

dismissed from the Berk action on a motion for judgment on the pleadings.  On October 16, 2008 the Plaintiffs in this matter requested permission to file a motion to amend the complaint, which was granted by Magistrate Judge Cecchi.  Thereafter, on November 14, 2008, Plaintiffs filed the present motion.

Plaintiffs' proposed Amended Complaint alleges four counts against Schonfeld: an accounting claim from the original complaint and three new counts, aiding and abetting a breach of fiduciary duty, aiding and abetting conversion, and aiding and abetting common law fraud.  The proposed Amended Complaint states that "Schonfeld is or was an NASD registered brokerage firm and provided clearing services to Defendants." (Proposed First Am. Compl. ¶ 128 [hereinafter "Proposed Am. Compl."].)  The new counts which Plaintiffs seek to add are based on documents of wire transfers from Defendant HMC to an account at Schonfeld and from that account out to Grebow's personal bank account at Citibank.  Plaintiffs assert that "HMC had no brokerage account at Schonfeld." (Id. at ¶ 133.)  Rather, the trading account was in Grebow's name. (Id. at ¶ 134-36)  The wire transfers relied upon by Plaintiffs were designated to the account of "HMC International Bret Grebow." (Cert. of Patrick Monaghan, Jr., Esq. ¶ 11(a),(b), & (c).)  The funds so designated were deposited into Grebow's Schonfeld account. (Proposed Am. Compl. ¶ 141.)  The documents relied upon by Plaintiffs also show that within days of many of the wires from HMC into the Grebow account, Mr. Grebow withdrew the funds at Schonfeld, directing them by wire to his personal account at Citibank. (Id. at ¶ 143.)  Based on this information, the proposed Amended Complaint asserts that "Schonfeld knowingly and substantially assisted Grebow" in Grebow's breach of fiduciary duty to Plaintiffs, in Grebow's conversion of Plaintiffs property, and in Grebow's fraud against Plaintiffs. (See id. at ¶¶ 154,

163, 179, 181.)

## II. LEGAL STANDARDS

A party may amend a pleading "once as a matter of course . . . before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(A); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane, 213 F.3d at 115 (citing Fed. R. Civ. P 15(a)). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Id.

An amendment is futile when a proposed amended complaint "would fail to state a claim upon which relief could be granted." Id. Thus, "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft, 129 S. Ct. at 1949. Thus, a court "begin[s its] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." Id. at 1951.

The Supreme Court in Ashcroft recently elaborated on the distinction established in Twombly between assertions entitled to the assumption of truth and those that are not and the plausibly versus possibility line. The Ashcroft Court noted that the conclusory assertion of the Twombly plaintiffs whereby they alleged that the defendants "ha[d] entered into a contract, combination or conspiracy to prevent competitive entry . . . and ha[d] agreed not to compete with one another" was not itself sufficient. Id. at 1950 (citing Twombly, 550 U.S. at 551). Rather, it was the underlying facts relied on that should be treated as true and evaluated. The Twombly Court evaluated whether an allegation that the defendants engaged in a "parallel course of conduct . . . to prevent competition and inflate prices was indicative of the unlawful agreement alleged." Id. (internal quotations omitted). It held that this fact "did not plausibly suggest an unlawful agreement" even though " parallel conduct was consistent with an unlawful agreement" because it found that such conduct was also "compatible with . . . lawful, unchoreographed free-market behavior." Id. (quoting Twombly, 550 U.S. at 567). Therefore, the plaintiffs' had failed to state a claim, and the complaint was dismissed. Id. (citing Twombly, 550 U.S. at 570).

## III.   DISCUSSION

This Court first notes that Plaintiffs' submission does not contain a brief or a statement as to why a brief is unnecessary pursuant to Local Civil Rule 7.1(d)(4). Rather, Plaintiffs submitted a notice of motion which states that Plaintiffs' "motion" relies on a submitted certification and exhibits. The certification provides additional facts and legal conclusions but does not provide

any case citations–even though new causes of action are included in the proposed amendment–or any argument as to why the amendment is appropriate and not futile.

**A.    Futility**

1.    Accounting Claim

The certification relied on for this motion does not address or mention an accounting claim. However, the proposed Amended Complaint incorporates by reference paragraphs 1-127 of the initial Complaint which includes a claim for an accounting against Schonfeld. In the Berk case, Schonfeld successfully moved for judgment on the pleadings arguing that there was no basis for an accounting claim in the original Complaint given that the Complaint stated that Schonfeld was acting as a clearing broker for HMC. In its opposition papers to that motion, counsel for the Berk plaintiffs stated: "As Schonfeld has pointed out in their motion papers, the Complaint states no basis for a demand of accounting, such as fraud or fiduciary relationship, and no need for the accounting is pleaded either." (Mem. of Law in Opp'n to Schonfeld Securities LLC's Mot. for J. on the Pleadings at 5-6 (filed Nov. 30, 2008)). The original complaints in this case and the Berk case stated identical claims for an accounting against Schonfeld. Although the Plaintiffs in this case are not bound by arguments and concessions made in the Berk case, this Court agrees with Schonfeld and counsel for the Berk plaintiffs that no basis for an accounting claim was asserted in the initial Complaint. Although the proposed Amended Complaint does assert a cause of action for aiding and abetting fraud and argues that Schonfeld owed some duty to Plaintiffs, Plaintiffs do not address how the new facts relied on now make an accounting claim appropriate. Additionally, for the reasons discussed below, this Court finds that the facts relied on by Plaintiffs are not sufficient to establish a duty between Schonfeld and Plaintiffs and,

therefore, this Court finds that reinstatement of the accounting claim would be futile.

      2.      <u>Aiding and Abetting Claims</u>

Plaintiffs proposed Amended Complaint seeks to add three aiding and abetting claims against Schonfeld: aiding and abetting a breach of fiduciary duty, aiding and abetting fraud, and aiding and abetting conversion. The standard for civil aiding and abetting liability which has been adopted by the Third Circuit and New Jersey courts is the one set forth in the Restatement of Torts. <u>See</u> <u>Failla v. City of Passaic</u>, 146 F.3d 149, 158 (3d Cir. 1998); <u>Judson v. Peoples Bank Trust & Co.</u>, 134 A.2d 761, 767 (N.J. 1957). Section 876(b) "provides that a person is liable for harm resulting to a third person from the conduct of another when he 'knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself . . . .'" <u>Failla</u>, 146 F.3d at 158 (quoting the Restatement (Second) of Torts § 876(b)). Comment (c) to this section states that "it is essential that the conduct of the actor be in itself tortious. One who innocently, rightfully and carefully does an act that has the effect of furthering the tortious conduct or cooperating in the tortious design of another is not for that reason subject to liability." <u>State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Communications Intern., Inc.</u>, 904 A.2d 775, 783 (N.J. Super. Ct. App. Div. 2006) (quoting the Restatement (Second) of Torts § 876(b) comment c). Thus, "an aider and abettor must willfully and knowingly associate himself with another's unlawful act." <u>Failla</u>, 146 F.3d at 158 (internal quotations omitted). For example, a "person who bribes an agent of a principal has 'aided and abetted' the agent in the breach of the agent's fiduciary duty of loyalty to the principal." <u>Qwest Communications</u>, 904 A.2d at 782 (citing <u>Franklin Med. Assocs. v. Newark Pub. Schs.</u>, 828 A.2d 966 (N.J. Super. Ct. App. Div.2003)).

Here, Plaintiffs make the same basic allegations for each of the aiding and abetting claims. They state that "Schonfeld knowingly and substantially assisted Grebow in[:]" (1) "breaching his fiduciary duties to Plaintiffs;" (2) "converting Plaintiffs funds held in trust by HMC to Grebow;" and (3) "accomplishing [his and Massimi's] fraudulent scheme." (Proposed Am. Compl. ¶¶ 154, 164, 179.) Likewise Plaintiffs allege for each claim that "Schonfeld knowingly assisted Grebow's wrongdoing, and was actually or constructively aware of the wrongful conduct." (Id. at ¶¶ 157, 165, 181.) Finally, they allege for each claim that "Schonfeld aided and abetted, and substantially contributed and assisted in the primary wrong and [the tort claimed]." (Id. at ¶¶ 158, 167, 182.) All of these statements are legal conclusions not entitled to the assumption of truth. However, before turning to an evaluation of the underlying facts, the Court notes that even these conclusions, which assert that Schonfeld was either "actually or *constructively* aware" are inconsistent with the standard for aiding and abetting liability, which requires "willful and knowing" substantial assistance. (See also Cert. of Patrick Monaghan, Jr., Esq. ¶ 7 ("It is *very possible* that Grebow had an accomplice at Schonfeld but concrete proof of that will have to abide full discovery in this case.")(emphasis added).) In any case, this Court also finds that the underlying facts relied on by Plaintiffs are insufficient to support these broad allegations and any of the aiding and abetting claims.

Here, regardless of which aiding and abetting claim is asserted the question is whether the fact that funds sent from HMC to Schonfeld, designated to the account of "HMC International Bret Grebow," which were deposited into an account under Grebow's name, and which Grebow withdrew, sometimes within days, and wired to another account in his name at Citibank if taken as true are sufficient to plausibly state a claim that Schonfeld *knowingly* provided substantial

assistance to Grebow and the other HMC defendants in committing a breach of fiduciary duty, conversion, and fraud.  Without more, this Court finds such facts are, on their face, barely even consistent with unlawful activity by Schonfeld, much less plausible under the Twombly standard.

Plaintiffs also argue that Schonfeld owed a duty to the HMC Plaintiffs.  Plaintiffs' precise argument is difficult to follow.  Plaintiffs do not appear to state a claim based on such a duty; they state a claim for aiding and abetting a breach of fiduciary duty, not simply a breach of duty by Schonfeld directly.  Alternatively they do not explain how such a duty, if one existed, would alter the standard for aiding and abetting liability.

Plaintiffs point to SEC Regulation 240.17Ad-12, Safeguarding of funds and securities, as establishing that Schonfeld "had a duty and obligation [to] handle the funds in such a manner so as to be reasonably free from risk of theft, loss or destruction and to see that the funds are protected against misuse."  (Pltfs.' Reply to Schonfeld's Opp'n at 3.)  However, Plaintiffs cite no law in support of their argument that this regulation is meant to create a duty between "any registered transfer agent that has custody or possession of any funds or securities related to its transfer agent activities" (the object of the regulation) and the customers of its customers, those whose funds it has possession or custody of.  Here, there was no tampering with or theft of funds while held at Schonfeld, the alleged theft appears to have occurred by Grebow directing funds out of HMC to his personal account.  Thus, this regulation is inapplicable to the situation in this case as Plaintiffs have presented the facts.  The Court also notes that securities law, although not relied on by Plaintiffs, is also clear that no duty exists between a clearing broker and the customers of introducing brokers; for liability to attach there must be actual knowledge and substantial participation.  See Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 28 (2d Cir. 2000)

(finding that "there is no well-settled law imposing a duty upon a clearing broker, who is unaware of an introducing broker's undisclosed and excessive profit, to inquire into the matter and then inform the latter's customers of such self-dealing").

Because this Court is unpersuaded by Plaintiffs' argument that any duty from Schonfeld to Plaintiffs existed, it is unnecessary to resolve any inconsistency in Plaintiffs' duty argument and aiding and abetting pleading–in either case, they have failed to sufficiently state a claim. Therefore, this Courts finds that amendment to add any aiding and abetting claims against Schonfeld would be futile as the facts relied on neither demonstrate knowledge with substantial assistance of the alleged wrongs nor establish a duty flowing from Schonfeld to Plaintiffs.

**B.    Undue Delay**

All motions to amend were originally to be filed no later than March 31, 2008. However, after Schonfeld produced documents as part of the discovery process, at an August 2008 conference attended by counsel for the Berk and Cafaro plaintiffs, the Berk plaintiffs requested that leave be granted to file an amended complaint to add new claims against Schonfeld based on the documents produced, apparently the documents relied on for Plaintiffs' present motion. Magistrate Judge Cecchi granted that request, permitting a motion to amend to be filed no later than September 12, 2008. Plaintiffs in this case did not make the same request. Rather, they sat silent and waited until after this second deadline permitted for the Berk plaintiffs had passed to request permission to file the present motion. They do not argue that new information became available after the conference. Discovery was originally set to end in November 2008. Magistrate Judge Cecchi has extended discovery several times, with the most recent order extending discovery only to June 26, 2009, a date less than the one requested by Plaintiffs.

Plaintiffs had ample opportunity to amend earlier in the process; they chose, however, to wait until the twelfth hour to move to reinstate Schonfeld and assert new claims. They offer no explanation for their delay. Therefore, in addition to being futile, the present proposed Amended Complaint is also appropriately denied because of Plaintiffs' undue delay.

### IV. CONCLUSION

For the foregoing reasons, this Court denies Plaintiffs' motion to amend the complaint. An appropriate Order accompanies this Opinion.

DATED: June 9, 2009                    /s/ Jose L. Linares
                                       JOSE L. LINARES
                                       UNITED STATES DISTRICT JUDGE