NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN J. CAFARO et al., | Civil Action No.: 07-2793 (JLL) |
| Plaintiffs, | OPINION |
| v. | |
| HMC INTERNATIONAL, LLC, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion for reconsideration filed by Plaintiffs. This Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed herein, the Court denies Plaintiffs' motion.

I.  BACKGROUND

On November 14, 2008, Plaintiffs filed a motion to amend the complaint to reinstate the Complaint against a previously voluntarily dismissed defendant, Schonfeld Securities LLC ("Schonfeld"), and to assert additional causes of action against it. On June 10, 2009, this Court denied Plaintiffs' motion, holding that such amendment would be futile. In the alternative, the Court also found that denial was appropriate due to Plaintiffs' undue delay in bring the motion to amend. Although the Court noted the procedural deficiencies in Plaintiffs' motion, namely failure to file any brief, the Court did not deny the motion on that basis and considered the papers

Plaintiffs did submit in support of their position. Plaintiffs presently seek reconsideration of that denial.

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(I). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter *that was presented to it*." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008) (emphasis added).

## III. DISCUSSION

The essence of Plaintiffs' motion is that the Court applied the wrong standard of aiding and abetting liability in discussing the futility of amendment. The Court applied a standard based on the Restatement of Torts as discussed in Failla v. City of Passiac. 146 F.3d 149, 158 (3d Cir. 1998) (cited approvingly in Thomas v. Town of Hammonton, 351 F.3d 108, 118 (3d Cir. 2003)). In support of their position, Plaintiffs point to and discuss a New Jersey Supreme Court case, New Jersey Title Ins. Co. v. Caputo, 748 A.2d 507 (N.J. 2000). This case was not presented to and overlooked by this Court in its Opinion. In fact, no law setting forth the standard for aiding and abetting liability was presented to this Court in Plaintiffs' papers in support of its motion. No moving brief was filed and a total of four cases were cited in its reply–two dealing with the standard for granting leave to amend, one medical malpractice case addressing a statute of

limitations issue, and one involving duties under security law.  Additionally, Caputo addresses the statutory meaning of bad faith under the Uniform Fiduciaries Law, not the general standard for aiding and abetting liability.  See id. at 508, 510.

Plaintiffs also appear to argue that the Court got the law wrong with regard to its interpretation of SEC Regulation 240.17Ad-12.  Disagreement with the Court's interpretation is a matter for appeal, not reconsideration.  The Court clearly addressed this regulation in its Opinion finding it not applicable under the facts of the present case and the arguments relating to the regulation at odds with the claims asserted by Plaintiffs, aiding and abetting liability versus a direct breach of duty.

Finally, Plaintiffs appear to argue that the Court mis-evaluated the evidence of the transfers from HMC to Bret Grebow's account at Schonfeld.  The Court explicitly addressed these facts and found that they were insufficient to state a claim for aiding and abetting liability under the Iqbal/Twombly standard.  Again, Plaintiffs' argument is merely a matter of disagreement with the Court.  Plaintiffs also try to present new evidence.  But, new facts not previously presented to the Court are not properly considered on a motion for reconsideration.

With respect to this Court's alternative holding based on undue delay, Plaintiffs merely recite facts known to and considered by this Court.   Based on the foregoing, this Court finds that Plaintiffs have pointed to no law or facts *presented to* and *overlooked* by this Court.  Therefore, Plaintiffs' motion for reconsideration is denied.

IV.     **CONCLUSION**

For the foregoing reasons, this Court denies Plaintiffs' motion for reconsideration.  An appropriate Order accompanies this Opinion.

DATED: July 30, 2009 /s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE