UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAFARO et al., <br><br> Plaintiffs, <br><br> v. <br><br> HMC INTERNATIONAL, LLC et al., <br><br> Defendants. | Hon. Kevin McNulty <br> Civil Action No. 07-cv-2793 (KM) (JAD) <br><br> **Opinion** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before this Court upon motion by *pro se* defendant Robert Massimi ("Defendant Massimi") to disqualify Beattie Padovano, LLC (the "Beattie Firm") and Patrick J. Monaghan, Jr., Esq. ("Attorney Monaghan") from continuing to represent Plaintiffs in this lawsuit based on an alleged conflict of interest. The Court heard oral argument during an in person status conference held on December 20, 2011, and the parties subsequently filed supplemental briefing on this issue. Upon consideration of the parties' submissions, and for the reasons stated below, Defendants' motion to disqualify the Beattie Firm and Attorney Monaghan is **DENIED**.

I.   **BACKGROUND.**

This is a securities fraud action brought by numerous plaintiffs who allege that Defendant Massimi, acting in concert with other named defendants, operated a day-trading hedge fund in which Plaintiffs invested, namely HMC International LLC, as a Ponzi scheme. (Compl. ¶ 1). This alleged Ponzi scheme gave rise to multiple lawsuits,[1] including two actions brought in this

---

[1] It this this Court's understanding that the Securities and Exchange Commission brought an action against certain of the named defendants, including Defendant Massimi, in the United States District Court for the Southern District of

District, namely the instant matter and the matter of <u>Berk, et al. v. HMC International, LLC, et al.</u>, Civ. Action No. 07-181 (KM) (JAD). Defendant Massimi is named in both of these federal actions. Defendant Massimi's brother, Richard Massimi, is named only in the <u>Berk</u> matter. It is the interplay between the attorneys and law firms involved in these actions that gives rise to Defendant Massimi's allegations of a conflict of interest.

At its simplest, Defendant Massimi's argument is that there is a chain of legal representation that links a law firm that Defendant Massimi and his family used in the late-1990's in connection with a business venture to the Beattie Firm and Attorney Monaghan – who are adverse to Defendant Massimi in the instant action – and thus, a conflict exists. However, the events that Defendant Massimi alleges establish the links of that chain of representation are not only tenuous, if not directly contradicted by the certifications submitted in this action, but theorize a possible conflict between, if anyone, Richard Massimi (who is not named in this action) and Plaintiffs' counsel. Defendant Massimi also seeks disqualification based on his alleged social and attorney-client relationship with James R. Beattie, Esq., an attorney at the Beattie Firm. The facts giving rise to these claims of conflict are discussed in the following paragraphs.

A. <u>Defendant Massimi and the Larkin Firm.</u>

Defendant Massimi claims that during the late 1990's, he and his family had a relationship with the law firm of Larkin, Axelrod, Ingrassia & Tetenbaum, LLP (the "Larkin Firm"), located in Newburgh, New York, for legal services in connection with the Massimis' "personal lives and [] family textile business." (Def.'s Letter Br. 1, ECF No. 216). In the course

---

New York under docket number 05-cv-10673. In addition, Defendant Massimi was named in a separate state court action entitled <u>Selser, et al. v. HMC International, LLC, et al.</u>, which was brought in the New Jersey Superior Court, Law Division, Bergen County under docket number BER-L-7541-05.

of this relationship, Defendant Massimi claims the Larkin Firm obtained "intimate financial details of the Massimi family and [Defendant Massimi]." (Id.). Furthermore, the Larkin Firm allegedly became familiar with Defendant Massimi's "temperament, business-conducting style, personality traits, strengths and weaknesses, and attitudes about settling disputes or litigating them." (Id.). Defendant Massimi did not state when his alleged relationship with the Larkin Firm terminated, but he did not contend that it existed past the "late-1990's." (Id.).

    B.  <u>The Larkin Firm, the Berk Matter and the Beattie Firm.</u>

On January 7, 2007, both Defendant Massimi and Richard Massimi were named as co-defendants in the <u>Berk</u> matter – an action in which Attorney Monaghan initially served as plaintiffs'[2] counsel with his former law firm, Monaghan, Monaghan, Lamb & Marchisio, LLP (the "Monaghan Firm"). (Compl. at 10,12, <u>Berk, et al. v. HMC International, LLC, et al.</u>, No. 2:07-cv-00181 (D.N.J. Jan. 1, 2007), ECF No. 1). With respect to Defendant Massimi, the complaint alleged that Defendant Massimi operated HMC International, LLC as a Ponzi scheme, and asserted counts including common law fraud, securities fraud, consumer fraud, conspiracy, and breach of fiduciary duty, among other claims. (Id.). With respect to Richard Massimi, the complaint alleged that Richard Massimi received proceeds of the <u>Berk</u> Plaintiffs' investments through the Ponzi scheme for little or no consideration, and asserted counts including conversion, unjust enrichment/constructive trust, fraudulent conveyance and attachment. (Id.).

Defendant Massimi retained Kevin P. Conway, Esq. to represent him in the <u>Berk</u> matter. (Def.'s. Letter Br. 2, ECF No. 216). Richard Massimi, however, allegedly retained the Larkin

---

[2] Plaintiffs in the <u>Berk</u> matter included: Mitchell Berk, Jerold Blatt, Michele S. Blatt, Mitchell Blatt, Nat Blatt, Mindy Chermak, Susan Greenbaum, Alex Kanner, Joseph Kanner, William Locantro, Thelma Morris, Joseph Nicholich, Vina Nicholich, Andrew Quentzel, Norman Rich, Joan Savasta, Randy Schleger, David Scillieri, Esq., Marie C. Selser, Robert C. Selser, Esq., and Ronald Spalding (the "<u>Berk</u> Plaintiffs"). (Compl. at 1, <u>Berk, et al. v. HMC International, LLC, et al.</u>, No. 2:07-cv-00181 (D.N.J. Jan. 1., 2007), ECF No. 1).

3

Firm as defense counsel. (Pls.' Opp. Letter Br. 5, ECF No. 219). Because the Larkin Firm was based in New York, it engaged the Beattie Firm to serve as local counsel. (Id.). Arthur N. Chagaris, Esq., a member of the Beattie Firm, was responsible for the representation of Richard Massimi as local counsel in New Jersey. (Id.).

The Larkin Firm and the Beattie Firm served as co-counsel for Richard Massimi only until December 11, 2007, at which time both firms were relieved as Richard Massimi's counsel by court order. (Pls. Opp. Letter Br. 6, ECF No. 219). Thereafter, on January 14, 2008, all claims of those plaintiffs in the Berk matter who had been represented by Attorney Monaghan were dismissed. (Id.).

It is this retention of the Beattie Firm as local counsel by the Larkin Firm that serves as the starting point for Defendant's claim of a conflict of interest.

C. The Instant Action and the Beattie Firm's Acquisition of the Monaghan Firm.

The instant action was filed on June 15, 2007 by Attorney Monaghan as an attorney with the Monaghan Firm. (Compl. 6, ECF No. 1). The Complaint, as in Berk, alleged that Defendant Massimi operated HMC International, LLC as a Ponzi scheme. However, the Complaint did not name Richard Massimi as a defendant.

At the outset, the Beattie Firm was not involved in the instant litigation. However, on November 1, 2010 – over three years after the institution of this lawsuit and nearly three years after Attorney Monaghan ceased representing plaintiffs in the Berk matter – Attorney Monaghan joined the Beattie Firm. (Pls.' Opp. Letter Br. 3, ECF No. 219). By virtue of this merger, the Beattie Firm now represents Plaintiffs in this action, notwithstanding that it previously defended Richard Massimi in the Berk matter – both of which actions arose out of the same alleged Ponzi scheme.

4

Thus, Defendant Massimi's conflict of interest claims are twofold.

First, Defendant Massimi argues that there is an actual conflict because Attorney Monaghan, upon joining the Beattie Firm, became privy to, and subsequently used, the intimate financial and personal details that Defendant Massimi and his family members shared with the Larkin Firm in the late-1990's, and which the Beattie Firm had access to through their role as local counsel in defending Richard Massimi.[3] Defendant Massimi asserted that there is "strong circumstantial evidence" that the Larkin Firm and the Beattie Firm were sharing such "inside information" with Attorney Monaghan even before he joined the Beattie Firm. (Def.'s Letter Br. 2, ECF No. 206). Specifically, Defendant Massimi alleged that his attorney, Mr. Conway, had been contacted early on in the Berk matter by Attorney Monaghan, who claimed that Richard Massimi had stated: "[Defendant Massimi] knew that this fund was not on the up and up." (Id.). Thus, Defendant Massimi argues that a conflict exists because a law firm that previously represented him (i.e., the Larkin Firm) retained as local counsel the law firm that is now suing him (i.e., the Beattie Firm) in connection with the representation of his brother, Richard Massimi, in an action that arose out of the same alleged Ponzi scheme (i.e., the Berk matter).

Second, Defendant Massimi argued that disqualification is appropriate because the Beattie Firm, in pursuing the instant action, is taking a position that conflicts with the position it took in defending Richard Massimi in the Berk matter. Essentially, Defendant Massimi argued that the Beattie Firm first denied the allegations of the Berk complaint and now, in representing Plaintiffs, urges "acceptance of the allegations of the [C]omplaint — a diametrically opposite

---

[3] Defendant Massimi argues that there existed at least the potentiality of a conflict of interest immediately upon Richard Massimi's retention of the Larkin Group to defend him in the Berk matter because "there was always the possibility that Richard Massimi could have divulged intimate knowledge of Robert Massimi's finances, habits, methodology, personality, assets, liabilities, income and other personal information to members of the Larkin Firm," which "could have given Richard Massimi an edge in defense, if he was going to take the position of blaming [Defendant Massimi] for wrongdoing as part of his defense." (Def.'s Letter Br. 2, ECF No. 216). However, Defendant Massimi makes no allegation that such a divulgence of personal information was made to anyone by Richard Massimi, nor that Richard Massimi took such a defense position in the Berk matter.

5

position." (Def.'s Letter Br. 7, ECF No. 216). Plaintiffs, in opposition, dispute that the positions taken by the Beattie Firm are diametrically opposed. Rather, Plaintiffs argue that the answer filed by the Beattie Firm on behalf of Richard Massimi in the Berk matter was limited to denying the allegations of the complaint that were directed against Richard Massimi. (Pls. Opp. Letter Br. 7, ECF No. 219). Since Richard Massimi was not sued in the instant action, there is nothing contradictory or inconsistent in the Beattie Firm's representation of Plaintiffs in this case. (Id.).

>   D. Defendant Massimi's Alleged Attorney-Client and Social Relationship with James Beattie, Esq.

Defendant Massimi's final allegation of a conflict of interest relates to his alleged social and attorney-client relationship with "James (Jim) Beattie," an attorney at the Beattie Firm.[4] According to Defendant Massimi, he and Mr. Beattie served on the Board of Directors of St. Joseph's Regional High School for nine years. (Def.'s Letter Br. 2, ECF No. 216). He claimed that during this time, the two became very friendly and shared "intimate details of their lives." (Id.). In addition, Defendant Massimi claimed he used Mr. Beattie's law firm to form a company while they both served on the Board together. (Id.).

Plaintiffs dispute both factual assertions made by Defendant Massimi. First, Plaintiffs highlight that Defendant Massimi's allegation that the Beattie Firm had "formed a company" for him is (i) inconsistent with his statements in the state court matter Selser, et al. v. HMC International, LLC, et al., in which Defendant Massimi stated that Mr. Beattie had performed unspecified "contract work" for him (Pls. Opp. Letter Br. 4, ECF No. 219); (ii) is disputed by Mr. Beattie in a certification submitted in the state court matter Selser, et al. v. HMC International, LLC, et al., in which Mr. Beattie certifies, to the best of his recollection, that he never represented Defendant Massimi in any matter (Id. at 5); and (iii) is inconsistent with the

---

[4] This Court will assume "James (Jim) Beattie" is the same person as listed on the Beattie Firm's letterhead, James R. Beattie, Esq.

client index records of the Beattie Firm, which contain no record of Defendant Massimi as a client of the Beattie Firm. (Id.). Plaintiffs further argued that even if Mr. Beattie had at some time represented Defendant Massimi in an unrelated legal matter, such representation would not create a conflict of interest or serve to disqualify Attorney Monaghan or the Beattie Firm from representing Plaintiffs in the instant matter. (Id.)

II.  **LEGAL STANDARD**

In this District, questions of attorney ethics are governed by L.Civ.R. 103.1(a), which provides that the conduct of attorneys admitted before this Court shall be governed by the Rules of Professional Conduct of the American Bar Association ("RPC"), as modified by the New Jersey Supreme Court. Wyeth v. Abbott Labs., 692 F. Supp. 2d. 453, 455-56 (D.N.J. 2010) (citations omitted).

Defendant Massimi based his disqualification motion on RPCs 1.7 and 1.9 and, as the moving party, carries the burden of proving whether disqualification is justified. City of Atlantic City v. Trupos, 201 N.J. 447, 462-63 (2010). This burden is significant because "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quoting Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983) (citations omitted). Indeed, disqualification of counsel is "a harsh discretionary remedy which must be used sparingly." Cavallaro v. Jamco Property Management, 334 N.J. Super. 557, 572 (App. Div. 2000).

Resolution of a motion to disqualify requires the court to "balance the need to maintain the highest standards of the legal profession against a client's right to freely choose his counsel." Steel v. General Motors Corp., 912 F. Supp. 724, 733 (D.N.J. 1995) (citing Dewey v. R.J.

Reynolds Tobacco Co., 109 N.J. 201, 218 (1988)).  Moreover, courts must endeavor to avoid unjust results when determining whether disqualification is appropriate and, therefore, must carefully scrutinize the underlying facts with a "sense of practicality."  Martin v. AtlantiCare, No. 10-6793, 2011 WL 5080255, at *2 (D.N.J. Oct. 25, 2011).  Disqualification must generally be based in fact, and "surmise alone cannot support an order of disqualification." Trupos, 201 N.J. at 464, 469.

### III.   DISCUSSION.

Defendant's allegations fall short of establishing a conflict of interest and, as a result, cannot justify the disqualification of Attorney Monaghan and/or the Beattie Firm from the representation of Plaintiffs in this matter.

 A. Actual Conflict Based on the Information the Beattie Firm Obtained from the Larkin Firm Regarding Defendant Massimi's Finances and Temperament.

Defendant Massimi argues that there is an actual conflict because the Beattie Firm (and, by association, Attorney Monaghan) learned the intimate financial and personal details that Defendant Massimi had shared with the Larkin Firm in the late-1990's when it (i.e., the Beattie Firm) served as local counsel to the Larkin Firm in defending Richard Massimi in the Berk matter.

The Court finds Defendant's allegations insufficient to establish a conflict of interest between Defendant Massimi and the Beattie Firm and/or Attorney Monaghan.  It is clear that the Beattie Firm and/or Attorney Monaghan never represented Defendant Massimi in connection with the allegations giving rise to the instant Complaint.[5]  Therefore, the express terms of RPC 1.7 do not apply.  Nevertheless, Defendant Massimi asks this Court to find a conflict by imputing

---

[5] The Court shall separately address Defendant Massimi's contention that he retained the Beattie Firm to perform unrelated legal services in connection with the formation of a company.

certain non-specific knowledge learned by the Larkin Firm regarding Defendant Massimi's general personality traits and finances as they existed in the late-1990's to the Beattie Firm on the sole basis of the latter's role as local counsel in the <u>Berk</u> matter. Defendant Massimi made no allegation that the information the Larkin Firm learned in the late-1990's related in any way to the allegations set forth in the Complaint. Rather, Defendant Massimi concedes that the information he disclosed to the Larkin Firm related to the Massimi family textile business and the "intimate financial details of the Massimi family members and [Defendant Massimi]." (Def.'s Letter Br. 1, ECF No. 216). Moreover, Mr. Chagaris, who was responsible for Richard Massimi's file as local counsel in the <u>Berk</u> matter, certified that he never obtained any information pertinent to the instant action from the Larkin Firm. (Pls. Opp. Letter Br. Ex. B, ECF No. 219). In fact, Mr. Chagaris never spoke to or met Richard Massimi. (<u>Id.</u>).

Defendant Massimi essentially argues that the Larkin Firm's designation of the Beattie Firm as local counsel in the <u>Berk</u> matter gives rise to an "appearance of impropriety," as information regarding Defendant Massimi's temperament and finances in the late-1990's could have been passed between the two firms.[6] However, this superficial assessment, which is unsupported by specific factual allegations and contradicted by sworn certifications submitted in the related state court matter, cannot justify disqualification. <u>City of Atlantic City v. Trupos</u>, 201 N.J. 447, 468-69 (2010). In this vein, the <u>Trupos</u> case is instructive. There, a group of individual tax payers retained a law firm to appeal certain real estate tax assessments that had been imposed upon them by a municipality. <u>Id.</u> at 451. The municipality sought to disqualify the law firm because the law firm previously represented the municipality in certain real estate

---

[6] Defendant Massimi referenced the "appearance of impropriety" standard, which was eliminated by the 2004 amendments to the RPCs, as a basis for disqualification. The Court notes that its denial of Defendant Massimi's application for disqualification is based not on his invocation of the incorrect legal standard, but the inadequacy of Defendant Massimi's substantive allegations in establishing a conflict of interest under the applicable RPCs.

9

tax appeal matters. Id. Because the municipality could point to no confidential communications that it shared with the law firm during the course of the former tax appeal matters that could have been used against the municipality in the later action by the individual tax payers, the New Jersey Supreme Court characterized the municipality's concern that confidential information *may* have been shared as "unfounded." Id. at 469. Without proof that such confidential information was shared with the law firm, and because the "'appearance of impropriety' standard no longer has any vibrancy when gauging the propriety of attorney conduct," surmise alone could not support an order of disqualification. Id.

Similarly, here, even if the opportunity to exchange information between the Larkin Firm and the Beattie Firm existed, Defendant Massimi failed to demonstrate that any pertinent information was actually acquired by the Beattie Firm or used in the instant action. Therefore, the Court finds no conflict of interest.

B. Conflict Based on the Allegedly Contradictory Position Taken by the Beattie Firm In the Berk Matter.

Defendant Massimi next argues that disqualification is appropriate because the Beattie Firm, in pursuing the instant action, is taking a position that conflicts with the position it took in defending Richard Massimi in the Berk matter. Importantly, in so arguing, Defendant Massimi does not seek disqualification based on a conflict of interest between himself, as a former client, and the Beattie Firm and/or Attorney Monaghan.[7] Rather, Defendant Massimi based this claim

---

[7] Thus, Rule 1.7 is inapplicable to this aspect of Defendant Massimi's disqualification argument, as there is no dispute that neither the Beattie Firm nor Attorney Monaghan served as counsel to Defendant Massimi in the Berk matter. Although Defendant Massimi referred only to RPC 1.7 in his motion papers, this Court shall undertake an analysis of the facts alleged by Defendant Massimi under RPC 1.9, which prohibits a lawyer from undertaking a matter that is the same of substantially related to a matter in which the lawyer represented a former client whose interests are adverse to those of the current client. RPC 1.9(a).

10

of conflict on his brother, Richard Massimi's, status as a former client of the Beattie Firm.[8]

Despite the seeming contradiction, properly raised by Defendant Massimi, in the fact that the Beattie Firm represents Plaintiffs in this action, notwithstanding that it previously defended Richard Massimi in the Berk matter, a closer examination reveals that a conflict does not, in fact, exist and disqualification is not warranted.

> 1. There is no conflict of interest because the Plaintiffs' interests in the instant matter are not materially adverse to Richard Massimi's interests in the Berk matter.

RPC 1.9(a) prohibits an attorney who previously represented a client from representing in the "same or a substantially related matter" a person whose interests are "materially adverse" to those of the former client, unless the former client gives informed consent in writing. RPC 1.9(a). Thus, three elements are necessary in order to create a conflict requiring the consent of a past client or, in the absence of consent, withdrawal from a representation: (1) a past client whom the lawyer "represented" in a matter; (2) a present client whose interests are "materially adverse" to those of the past client; and (3) a current matter that is the "same or substantially related" to the matter in which the lawyer represented the past client. Id. At issue in this matter is whether the interests of Richard Massimi (as a past client of the Beattie Firm) are "materially adverse" to the interests of Plaintiffs in the instant action (as present clients of the Beattie Firm and Attorney Monaghan).

Defendant Massimi argued that the Beattie Firm, in representing Plaintiffs, is taking a contradictory position to the position it took in defending Richard Massimi in the Berk matter. (Def.'s Letter Br. 7, ECF No. 216). Defendant Massimi asserted that the Beattie Firm submitted

---

[8] The parties do not address the issue of standing in their respective papers, specifically whether Defendant Massimi has standing to raise a conflict of interest based on his brother's status as a former client of the Beattie Firm. However, federal courts have held that an adversary and not only a client or former client affected by the actual or potential conflict may move for disqualification. Schiffli Embroidery Workers Pension Fund v. Ryan, Beck and Co., No. 91-5433, 1994 WL 62124, *1, *2 (D.N.J. Feb. 23, 1994); see also In re Congoleum Corp., 426 F. 3d 675 (3d Cir. 2005).

11

an answer on behalf of Richard Massimi in the Berk mater that denied the allegations of the complaint. (Id.) Now, in representing Plaintiffs, the Beattie Firm is "urging acceptance of the allegations of the complaint – a diametrically opposite position." (Id.).

Superficially, the Beattie Firm's representation of a defendant in the Berk matter and Plaintiffs in the instant matter – both of which actions arose out of the same alleged Ponzi scheme – appears contradictory. However, upon closer scrutiny it becomes apparent that Plaintiffs' interest herein are not materially adverse to Richard Massimi's interests in the Berk matter – even if Defendant Massimi's interests are materially adverse to plaintiffs' in both matters.

The answer filed by the Beattie Firm on behalf of Richard Massimi in the Berk matter denied the allegations of the complaint directed against Richard Massimi, which, as explained above, alleged that Richard Massimi received proceeds of the Berk Plaintiffs' investments through the Ponzi scheme for little or no consideration, and asserted counts including conversion, unjust enrichment/constructive trust, fraudulent conveyance and attachment. (Compl. at 10, 12, Berk, et al. v. HMC International, LLC, et al., No. 2:07-cv-00181 (D.N.J. Jan. 1, 2007), ECF No. 1). The Beattie Firm, as local counsel, did not deny the existence of a Ponzi scheme, but only that Richard Massimi participated in, or received proceeds of the Berk Plaintiffs' investments through, the alleged Ponzi scheme.[9]

This is consistent with the fact that Richard Massimi is not named as a defendant in the instant matter. In addition, none of the Berk Plaintiffs are named Plaintiffs in this action. As such, even if the Beattie Firm is able to prove that Defendant Massimi and others operated HMC

---

[9] This distinction is evident in, by way of example, paragraph 11 of Richard Massimi's Answer in the Berk matter, wherein Richard Massimi denied that he "used the HMC fund as his personal piggy bank," but denied knowledge and information sufficient to form a belief as to the truth of such an averment against the other defendants. (Answer at 19, Berk, et al. v. HMC International, LLC, et al., No. 2:07-cv-00181 (D.N.J. Jan. 1, 2007), ECF No. 19).

International, LLC as a Ponzi scheme, as is alleged in the instant Complaint, such a position is not materially adverse to their denial of the allegation that Richard Massimi received proceeds of the Berk Plaintiffs through this Ponzi scheme. Perhaps if Richard Massimi were named as a defendant in this instant action, this Court may be more inclined to find some level of material adversity.[10] However, given Richard Massimi's absence from the present action, the Court declines to find a conflict of interest.

2. Disqualification due to a conflict of interest is not automatic.

Even in situations where a conflict of interest is found to exist, disqualification is not always a warranted remedy.

Disqualification is not automatic. Wyeth v. Abbott Labs., 692 F. Supp. 2d 453, 457 (D.N.J. 2010) (citing U.S. v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980)). Rather, courts must "balance the need to maintain the highest standards of the legal profession against a client's right to freely choose his counsel." Steel v. General Motors Corp., 912 F. Supp. 724, 733 (D.N.J. 1995) (citing Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988)). Here, the Court finds that disqualification, which is a "'drastic measure which courts should hesitate to impose except when absolutely necessary,'" Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quoting Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983) (citations omitted), is not warranted.

First, this Court is hard-pressed to find any legitimate manner in which Defendant Massimi's interests might be affected by the continued representation of Plaintiffs by the Beattie Firm and/or Attorney Monaghan. Defendant Massimi failed to present any evidence that the Beattie Firm learned confidential information about Defendant Massimi through its retention as

---

[10] It is unclear to this Court whether Richard Massimi remains a defendant in the Berk matter. Defendant Massimi claimed that Richard Massimi was dismissed as a defendant in the Berk matter. (Def. Letter Br. 2, ECF No. 216). However, the docket in the Berk matter does not evidence such a dismissal.

13

local counsel by the Larkin Firm. Nor did Defendant Massimi explain how information regarding his personality traits and finances in the late-1990's, which was disclosed to the Larkin Firm in connection with representation of the Massimi's family textile business, is relevant and/or prejudicial to the claims pursued by Plaintiffs in the Complaint.

Second, there is no evidence that such confidential information was ever received by the Beattie Firm. Mr. Chagaris certified that, in his role as local counsel, he: (i) never met or spoke to Richard Massimi; and (ii) had no involvement in the Berk matter beyond preparing *pro hac vice* papers, reviewing pleadings so that they conformed to the format required by the District Court of New Jersey and preparing papers for the Larkin Firm to be relieved as counsel for Richard Massimi. (Pls.' Opp. Letter Br. Ex. B, ECF No. 219). In addition, Attorney Monaghan, during a hearing held on December 20, 2011, stated that he learned nothing about Defendant Massimi from Mr. Chagaris' relationship as local counsel to the Larkin Firm. (Hr'g Tr. 1, Dec. 20, 2011).

Third, Attorney Monaghan did not join the Beattie Firm until November 1, 2010 – over three years after the institution of this lawsuit and nearly three years after Attorney Monaghan ceased representing plaintiffs in the Berk matter. (Pls.' Opp. Letter Br. 3, ECF No. 219). Attorney Monaghan no longer represents the Berk Plaintiffs, and the Beattie Firm is no longer local counsel representation to Richard Massimi in the Berk matter. Analyzing the underlying facts with a sense of practicality, Martin v. AtlantiCare, No. 10-6793, 2011 WL 5080255, at *2 (D.N.J. Oct. 25, 2011), it is apparent that an enormous burden would befall Plaintiffs should the Beattie Firm and/or Attorney Monaghan be disqualified at this point in the litigation.

The Court finds Defendant Massimi's tenuous allegations of conflict, which are based largely on speculation and inference rather than fact, insufficient to justify the disqualification of

either the Beattie Firm or Attorney Monaghan. City of Atlantic City v. Trupos, 201 N.J. 447, 469 (2010) (stating that "surmise alone cannot support an order of disqualification").

### C. Conflict Based on Defendant Massimi's Alleged Social and Attorney-Client Relationship with James R. Beattie, Esq.

Defendant Massimi's final assertion of a conflict of interest stems from an alleged attorney-client relationship between himself and James R. Beattie, Esq., a member of the Beattie Firm. (Def.'s Letter Br. 7, ECF No. 216).

With regard to his claims of an attorney-client relationship, Defendant Massimi vaguely alleged that he used Mr. Beattie's law firm to "form a company" while the two served on the Board of St Joseph's Regional High School together. (Def.'s Letter Br. 2, ECF No. 216). However, Defendant Massimi provided no evidence of this attorney-client relationship. Rather, in his certification Defendant Massimi merely asserted: "My recollection is that he[11] handled a case for me in the early 1990's, although I cannot remember the name of the case and the circumstances." (Def.'s Reply Letter Br. 3, ECF No. 221).

Mr. Beattie, however, expressly denied representing Defendant Massimi in any legal matter. (Pls.' Opp. Letter Br. Ex. C, ECF No. 219). Moreover, Mr. Chagaris certified that he directed a search of the Beattie Firm's client index records be performed, both computerized and earlier hard copy records, but there was no record of Defendant Massimi ever having been a client of the Beattie Firm. (Pls.' Opp. Letter Br. Ex. B, ECF No. 219). Although an attorney-client relationship may be found to exist even in the absence of a written memorialization, see In re Palmieri, 76 N.J. 51, 58-59 (1978), Defendant Massimi offered no evidence that would support such a finding. Without any such proof, the Court will not infer the existence of an

---

[11] It is unclear to the Court whether Defendant Massimi was referring to Mr. Chagaris of Mr. Beattie when using the word "he."

attorney-client relationship. Id. ("In the instant case the proof is insufficient to permit us to infer the existence of an attorney-client relationship.").

Likewise, Defendant Massimi's allegations regarding his social relationship with Mr. Beattie fail to establish a conflict of interest. Notwithstanding Defendant Massimi's claims that his tenure on the St. Joseph's Regional High School's Board of Directors with Mr. Beattie shows "considerable entanglement," (Def.'s Letter Br. 2, ECF No. 216), Defendant Massimi did not supply this Court with any information that he alleges was learned by Mr. Beattie in the course of their friendship that relates to the causes of action set forth in the Complaint. Such a general social relationship, without any suggestion of an "aware, consensual [attorney-client] relationship," will not result in the automatic disqualification of an attorney. In re Palmieri, 76 N.J. at 58. Thus, even accepting Defendant Massimi's allegations as true, there is no conflict of interest and, therefore, no basis to disqualify the Beattie Firm from continuing to represent Plaintiffs.

## IV. CONCLUSION.

For the foregoing reasons, Defendant Massimi's motion to disqualify the Beattie Firm and Attorney Monaghan is **denied**.

SO ORDERED

*/s/ Joseph A. Dickson* 10/11/12

Joseph A. Dickson, U.S.M.J.

cc: Hon. Kevin McNulty, U.S.D.J.